John Eric Olson, Esq.
HILL RIVKINS LLP
45 Broadway, Suite 1500
New York, NY 10006

Attorneys for Plaintiffs,
United Pet Group, Inc. and
Allison Transmission

14 CV 7515

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
UNITED PET GROUP, INC. and                    Index No.
ALLISON TRANSMISSION HOLDINGS, INC.,

                              Plaintiffs,

       - against -                            **VERIFIED COMPLAINT
                                              IN ADMIRALTY
M/V COSCO NAGOYA, in rem, JASMINE             INCLUDING IN REM ACTION**
SHIPPING S.A., EVERGREEN MARINE
(UK) LIMITED, d/b/a EVERGREEN
LINE, DANMAR LINES, LTD. and
COSCO CONTAINER LINES CO. LTD., in
personam,

                              Defendants.
-----------------------------------------------------------X

    The plaintiffs herein, by their attorneys, HILL RIVKINS, complaining of the above-named vessel and defendants, alleges upon information and belief as follows:

    FIRST:   This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

    SECOND:   At and during all times hereinafter mentioned, plaintiffs have and now has the legal status and principal office and place of business stated in Schedule A hereto annexed and by this reference made a part hereof.

    THIRD:   At and during all the times hereinafter mentioned, defendants had and now have the legal status and offices and places of business stated in Schedule A,

1

and were and now are engaged in business as common carriers of merchandise by water for hire, and owned, operated, managed, chartered and controlled the above named vessels which now are or will be within the jurisdiction of this Court during the pendency of this action.

FOURTH:    On or about the dates and at the ports of shipment stated in Schedule A, there was delivered to the vessels and defendants in good order and condition the shipments described in Schedule A, which the said vessel and defendants received, accepted and agreed to transport for certain consideration to the port of destination stated in Schedule A.

FIFTH: Thereafter, the said vessel arrived at the port of destination described in Schedule A and the cargo was not delivered in the same good order and condition in which it was received.

SIXTH: Defendants, by reason of the premises, breached their duties to the plaintiff as common carriers by water for hire and were otherwise at fault.

SEVENTH: Plaintiffs were the shippers, consignees or owners or otherwise had a proprietary interest of and in the cargoes as described in Schedule A, and bring this action on their own behalf and, as agents and trustees, on behalf of and for the interest of all parties who may be or become interested in the said shipment, as their respective interests may ultimately appear, and plaintiffs are entitled to maintain this action.

EIGHTH: Plaintiffs has duly performed all duties and obligations on its part to be performed.

NINTH: By reason of the premises, plaintiffs have sustained damages as nearly as same can now be estimated, no part of which has been paid, although duly demanded in the amount of $280,000.00.

W H E R E F O R E, plaintiff prays:

1. That process in due form of law according to the practice of this Court may issue against defendants.

2. That if defendants cannot be found within this District, that all of their property within this District be attached in the sum set forth in the complaint, with interest and costs.

3. That a decree may be entered in favor of plaintiffs against defendants for the amount of plaintiffs' damages, together with interest and costs.

4. That process in due form of law according to the practice of this Court may issue against the aforesaid named vessel.

5. Plaintiffs pray for such other, further and different relief as to this Court may seem just and proper in the premises.

Dated: New York, NY
September 12, 2014

HILL RIVKINS LLP
Attorneys for Plaintiffs
By: _____
John Eric Olson

45 Broadway, Suite 1500
New York, NY 10006
212-669-0600

3

## SCHEDULE A

Plaintiff, United Pet Group Inc., was and now is a corporation duly organized and existing under and by virtue of the laws of one of the States of the United States with an office and place of business at 7794 Five Mile Road, Suite 190, Cincinnati, Ohio 45230.

Plaintiff, Allison Transmission Holdings, Inc., was and now is a corporation duly organized and existing under and by virtue of the laws of one of the States of the United States with an office and place of business at One Allison Way, Indianapolis, Indiana, 46222.

Defendant, Evergreen Marine (UK) Limited d/b/a Evergreen Line is a corporation or other business entity with an office and place of business at One Evertrust Plaza, Jersey City, New Jersey, 07302.

Defendant, Danmar Lines Ltd. is a corporation or other business entity with an office and place of business at 33 Washington Street, 16th Floor, Newark, NJ 07102.

Defendant, Jasmine Shipping S.A., is a foreign corporation or other business entity with an office and place of business c/o Doun Kisen KK, 1307-8, Namikata, Namikata-cho, Imban-shi, Ehime-ken, 799-2101, Japan.

Defendant Cosco Container Lines Co., Ltd. is a foreign corporation or other business entity with an office and place of business at 100 Lighting Way, Secaucus, NJ 07094.

**Cause of Action on Behalf of United Pet Group against Jasmine Shipping S.A., Evergreen Marine (UK) Limited, d/b/a Evergreen Line and Cosco Container Lines Co., Ltd.:**

| | |
|---|---|
| Port of Loading: | Bremerhaven |
| Port of Discharge: | Norfolk, VA |
| Cargo: | Fish food<br>B/L 560300424, dated 12/18/13 |
| Shipper: | Tetra GmbH |
| Consignee: | United Pet Group |
| Amount of Loss: | $144,536.00 |

**Cause of Action on Behalf of Allison Transmission Holdings, Inc. against Jasmine Shipping S.A., Danmar Lines, Ltd. and Cosco Container Lines Co.:**

| | |
|---|---|
| Port of Loading: | Bremerhaven |

4

| | |
|---|---|
| Port of Discharge: | Norfolk, VA |
| Cargo: | Bulk Box, Tray, Pallet, cooler plate assembly, Housing module; converter B/L BUDG, dated 12/18/13 |
| Shipper: | Allison Transmission Hungary |
| Consignee: | Allison Transmission |
| Amount of Loss: | $135,495.000 |

32158\32158-1\001Complaint

## VERIFICATION

STATE OF NEW JERSEY   )
                     ) SS:
COUNTY OF MONMOUTH)

James Kopacz, being duly sworn, deposes and says:

1. I am employed as a Recovery Specialist at the Global Recovery Services of Marine/AIG Specialty Lines, acting for National Union Fire Insurance Company of Pittsburgh, PA, the subrogated underwriter for both of the claims in this complaint and in said capacity I am authorized to make this verification and affidavit on behalf of plaintiffs.

2. I have read the foregoing complaint and I am familiar with the contents thereof.

3. The same are true to the best of my knowledge, except as to those matters alleged on information and belief and as to those matters I believe them to be true.

4. The sources of my information and the grounds for my belief are records, information, and documents contained in the files of AIG, including electronic data, relating to the matters in suit and information which has come to my attention in the performance of my duties as a Recovery Specialist.

_____
James Kopacz

Sworn to before me this

14 day of September, 2014

_____
Notary Public

DONNA M. COSTELLO
NOTARY PUBLIC OF NEW JERSEY
My Commission Expires May 6, 2018

6